IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VIRGINIA L. STILLEY,
d/b/a Ashwood Mobile
Home Park, Inc.,

                    Plaintiff

          vs.                              Case No. 15-4934-SAC

ROBERT S. HERWICK,
and INGRID HERWICK,

                    Defendants.


MEMORANDUM AND ORDER

On September 16, 2015, the *pro se* defendants, Robert and

Ingrid Herwick, removed to federal court a state court K.S.A. Chapter 61

limited action styled <u>Virginia L. Stilley v. Robert S. and Ingrid Herwick</u>, No.

2015-LM-000650 that had been filed in the District Court of Riley County,

Kansas, on August 28, 2015. (Dk. 1, pp. 1, 3-4). On September 18, 2015,

the court issued an order for the removing defendants to show cause in a

filed pleading why this case should not be remanded for lack of diversity

removal jurisdiction. (Dk. 4). The plaintiff filed on September 23, 2015, an

answer to the defendants' counterclaims in which she expressly denied that

the amount in controversy exceeded $75,000. (Dk. 5, ¶ 5). The court

granted the defendants' motion for leave to file out of time their response to

the show cause order. (Dks. 7 and 8). Besides filing their response (Dk. 9),

the defendants have filed a motion for hearing (Dk. 11), a notice of

constitutional challenge to 28 U.S.C. § 1332 (Dk. 12), and a notice of
constitutional challenge to KSA Chapter 61 (Dk. 13).

The state court records include the plaintiff's K.S.A. Chapter 61
Limited Action Petitions filed in the District Court of Riley County, Kansas.
(Dk. 10, pp. 2-3, 6-7). The plaintiff Virginia Stilley asks in her petitions for a
judgment of possession of her premises at 526 Ashwood Alley, Ogden,
Kansas. The petitions allege Stilley allowed the defendants, Robert and
Ingrid Herwick ("Herwicks") to reside on the premises based on their
promise to sign a lease later, but the Herwicks have never signed a lease.
Before commencing the limited action, Stilley had served on the Herwicks a
notice to quit premises, and the defendants have refused to move from the
premises and have unlawfully detained the premises. Besides possession of
the premises, the plaintiff seeks a judgment for the removal of the
defendants' personal property from the premises, for back rent of $480 as of
August 12, 2015, and for a daily rental amount of $16.00 after September 1,
2015, until the defendants vacate the premises.

The Herwicks ask the court for a hearing before making a ruling
on its order to show cause. (Dk. 11). This motion is denied. The court finds
nothing in the Herwicks' filings to date that is relevant to the court's decision
concerning the narrow jurisdictional issue before it and that also requires
additional argument or additional evidence. From its review of the Herwicks'
motion for a hearing, the court determines there is nothing argued there

that would materially assist a decision on the order to show cause. As for the defendants' notices of constitutional challenges[1] and their request for the court's certification pursuant to 28 U.S.C. § 2403(a), the court will not certify any challenges, because the court lacks subject matter jurisdiction of this case. (Dks. 12 and 13).

Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires not only diversity of citizenship but also an amount in controversy in excess of $75,000. Defendants in a state court civil action may remove it to federal court only if it could have been brought originally in federal court. 28 U.S.C. § 1441(a). Federal removal jurisdiction is statutory in nature, and the governing statutes are to be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108–09 (1941); *see Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814 (1986). "[R]emoval is reserved for those cases 'that originally could have been filed in federal court.'" *Hunt v. Lamb*, 427 F.3d 725, 726 (10th Cir. 2005) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)). "'This jurisdictional prerequisite to removal is an absolute, non-waivable

---

[1] The defendants, in part, make a nonsensical challenge to the constitutionality of 28 U.S.C. § 1332 which is their only arguable legal basis for asserting removal jurisdiction here. Their constitutional challenge is no more than the argument that the statute must be unconstitutional because it excludes jurisdiction of their action. Suffice it to say, federal courts are courts of limited jurisdiction, and the disputes in this action are regularly, typically, and competently handled in state court.

requirement.'" *Id.* (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996).

The burden is with the removing defendants to prove the amount in controversy. *See McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). Under 28 U.S.C. § 1446(c)(2), the general rule is that the "sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy," subject to certain exceptions. None of these exceptions have been argued by Herwicks, and none are applicable here. Thus, by statue, the court looks to Stilley's complaint to determine the amount in controversy. Additionally, "the court determines the amount in controversy as of the date of removal." *Moore v. Chase*, 2014 WL 2759960 at *4 (D. Kan. Jun. 18, 2014); *see Pullman Co. v. Jenkins*, 305 U.S. 534, 537-38 (1939) (The right of removal is "determined according to the plaintiffs' pleading at the time of the petition for removal."); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of removal."). In this case, Stilley's complaint as of the date of removal does not allege a controversy exceeding $75,000.  The Herwicks concede this point. (Dk. 9, pp. 16-17, "whereas, the Plaintiff(s) 'original complaint' in this case, does not meet the minimum requirement for federal jurisdiction under said statute."). Based on the prevailing federal law and the pleadings and

facts as conceded by the defendants, the court lacks subject matter jurisdiction.

The Herwicks' notice of removal attempted to bolster the amount of controversy by alleging their own injuries and supposed counterclaims in their notice of removal. This effort will not work to meet the amount in controversy. *See Holstein Supply, Inc. v. Murphy*, 2014 WL 7407516 at *2 (D. Kan.  Jun. 18, 2014). The defendants want the court to exercise jurisdiction based on pleadings and counterclaims filed after removal. As already noted above, removal jurisdiction is determined at the time of removal. And even if these counterclaims had been filed at the time of removal, the courts in this circuit have not considered the value of counterclaims in determining the amount in controversy in removal cases. *See Klutts Equipment, Inc., v. Redstick, Inc.*, 2009 WL 1955314 at *3 (E.D. Okla. Jul. 6, 2009); *Dresser-Rand v. Northern Natural Gas Co.*, 2000 WL 286733 at *2-*3 (D. Kan. Jan. 19, 2000) (and cases and authorities cited in both decisions).Thus, the court will not consider the counterclaims. *Moore*, 2014 WL 2759960 at *4.

Herwicks now allege counterclaims on the basis of federal law. The general rule is that, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005) (citing *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826,

830-31 & n. 2 (2002) ("neither a federal defense nor counterclaim can 'serve as the basis for "arising under" jurisdiction'"); *see also* 14B Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 3d* § 3722, at 407-14 (1998)); *see Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("An exception to this rule is 28 U.S.C. § 1443, which allows removal to address the violation of a right to racial equality that is unenforceable in state court, . . . ."). There are no allegations here of the counterclaims implicating specific civil rights protecting racial equality or that such rights were denied or cannot be enforced in state court. Removal to vindicate other federal civil or constitutional rights will not prevent the court from remanding this case. *Id*. "When the federal court lacks subject-matter jurisdiction over a removed case, the court must remand the case to the state court." *Topeka Housing Authority*, 404 F.3d at 1247.

Because the court is remanding this action early pursuant to its review authority under 28 U.S.C. § 1915(e)(2)(B)(ii), an award of costs, expense and fees for a frivolous removal pursuant to § 1447(c) is deemed unnecessary. The court, however, will admonish the Herwicks to be mindful of the court's authority to impose an award of costs, expenses and fees in remanding a case.

IT IS THEREFORE ORDERED that this case is immediately remanded to the District Court of Riley County, Kansas. The clerk of the

court is directed to mail a certified copy of this order to the clerk of the

District Court of Riley County, Kansas, pursuant to 28 U.S.C. § 1447(c).

IT IS FURTHER ORDERED that the defendants' motion to proceed

in forma pauperis (Dk.3) is granted.

Dated this 16th day of October, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge